**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1973**

———————

HARLEY A. HUGHES,

          Plaintiff – Appellant,

     v.

IMMEDIATE RESPONSE TECHNOLOGIES, LLC, A Delaware Limited
Liability Company; IMMEDIATE RESPONSE TECHNOLOGIES, INC., A
Maryland Corporation,

          Defendants – Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:14-cv-01699-LMB-IDD)

———————

Argued: October 27, 2016          Decided: November 30, 2016

———————

Before NIEMEYER, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Virginia Whitner Hoptman, REDMOND PEYTON & BRASWELL LLP,
Alexandria, Virginia, for Appellant.  Michael Joseph Marinello,
KAGAN LAW GROUP, LLC, Annapolis, Maryland, for Appellees.  **ON
BRIEF:** James S. Kurz, Daniel D. Mauler, REDMOND PEYTON &
BRASWELL LLP, Alexandria, Virginia, for Appellant.  Jonathan P.
Kagan, KAGAN LAW GROUP, LLC, Annapolis, Maryland, for Appellee
Immediate Response Technologies, LLC.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Harley A. Hughes served as the President and Chief Executive Officer of defendant Immediate Response Technologies, Inc. ("IRT Inc."). In 2014, IRT Inc. was sold to defendant Immediate Response Technologies, LLC ("IRT LLC"). Hughes alleges that, while the sale was being negotiated, he was promised that he would be retained as the President and CEO of IRT LLC and paid a share of certain fees. Those promises, he claims, induced him to sign agreements concerning the sale of IRT Inc. and his employment with IRT LLC. The written agreements do not contain any of the promises alleged by Hughes, and he was neither named President and CEO of IRT LLC nor afforded the share of fees he expected.

In December 2014, Hughes initiated this civil action against IRT LLC and IRT Inc. in the Eastern District of Virginia. The operative Amended Complaint of February 26, 2015, asserts eight claims against IRT LLC: fraud (Count 1); constructive fraud (Count 2); fraudulent inducement (Count 3); promissory estoppel (Count 4); successor liability (Count 5); breach of employment contract (Count 6); failure to pay severance (Count 7); and unjust enrichment (Count 8). Two of the claims, Counts 6 and 7, are also directed at IRT Inc. While IRT LLC responded to the Amended Complaint and its predecessor

2

with motions for summary judgment, IRT Inc. failed to appear and did not answer in any manner.

Following a hearing on March 13, 2015, the district court entered an Order awarding summary judgment to IRT LLC on all claims "[f]or the reasons stated in open court, as well as in [IRT LLC's] memoranda." See Hughes v. Immediate Response Techs., LLC, No. 1:14-cv-01699 (E.D. Va. Mar. 13, 2015), ECF No. 57. Hughes filed a motion for reconsideration as to Counts 1 through 4 and 8. By its Memorandum Opinion and Order of May 6, 2015, the court denied Hughes's motion for reconsideration and elaborated on the reasons for awarding summary judgment to IRT LLC. See Hughes v. Immediate Response Techs., LLC, No. 1:14-cv-01699 (E.D. Va. May 6, 2015), ECF Nos. 79-80.

In the meantime, Hughes had filed a motion for a default judgment against IRT Inc. By his Report and Recommendation of July 17, 2015, the magistrate judge recommended granting in part and denying in part that motion. See Hughes v. Immediate Response Techs., LLC, No. 1:14-cv-01699 (E.D. Va. July 17, 2015), ECF No. 93. Specifically, the magistrate judge concluded that a default judgment should be entered against IRT Inc. as to Counts 6 and 7, but that the award should include $35,695.83 in compensatory damages, rather than the more than $2 million in compensatory and enhanced damages sought by Hughes. The magistrate judge also recommended awarding $19,747.10 in

3

attorney's fees and costs.  Thereafter, by its Order of August 13, 2015, the district court adopted in full the magistrate judge's Report and Recommendation, rejecting Hughes's objections thereto.  <u>See</u> <u>Hughes v. Immediate Response Techs., LLC</u>, No. 1:14-cv-01699 (E.D. Va. Aug. 13, 2015), ECF No. 99.

Hughes timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.  Having carefully examined the record and assessed the parties' written submissions together with the argument of counsel, we discern no error.  We are therefore content to affirm the judgments in favor of IRT LLC and against IRT Inc. on the cogent reasoning of the district court.

<u>AFFIRMED</u>